**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANNIBAL PICTURES, INC., a California corporation,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>SONJA PRODUCTIONS LLC, a Delaware limited liability company; SONJA TREMONT-MORGAN, an individual,<br><br>Defendants - Appellants. | No. 09-56584<br><br>D.C. No. 2:06-cv-01814-WDK-VBK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
William D. Keller, Senior District Judge, Presiding

Argued and Submitted April 15, 2011
Pasadena, California

Before: D.W. NELSON, W. FLETCHER**, and BYBEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** After argument, Chief Judge Kozinski recused himself from participation in this case. Judge W. Fletcher was drawn in his place, has listened to the arguments, and considered the briefs of the parties.

After a ten-day trial, a jury returned a verdict against Defendants-Appellants Sonja Productions LLC and Sonja Tremont-Morgan, finding them liable for breach of contract, fraudulent inducement, and negligent misrepresentation, and awarding Plaintiff-Appellee Hannibal Pictures ("Hannibal") $6,816,294 for past and future economic losses. Defendants appeal orders from the district court denying motions for judgment as a matter of law and a new trial or remittitur.

Defendants argue that under California's economic loss rule, Hannibal should not have been permitted to recover under its tort claims. The district court properly denied this motion. Under California law, tort damages may accompany contract claims when "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999). The California Supreme Court has declined to apply the economic loss rule to fraud and misrepresentation claims where, as here, one party has lied to the other. *See Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 275 (Cal. 2004). *Robinson Helicopter* controls this case. Hannibal was not precluded from suing the defendants for fraud and negligent misrepresentation in addition to breach of contract.

Nor was the jury's award of damages excessive. Under California law, damages for "anticipated profits dependent on future events are allowed where their nature and occurrence can be shown by evidence of reasonable reliability." *Kids' Universe v. In2Labs*, 116 Cal. Rptr. 2d 158, 168 (Ct. App. 2002). Such damages "may be established with reasonable certainty with the aid of expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and the like." *Parlour Enters., Inc. v. Kirin Grp., Inc.*, 61 Cal. Rptr. 3d 243, 249 (Ct. App. 2007) (citation omitted). "Expert testimony alone is a sufficient basis for an award of lost profits . . . when the expert opinion is supported by tangible evidence with a substantial and sufficient factual basis rather than by mere speculation and hypothetical situations." *Id.* at 250 (citations and internal quotation marks omitted). Hannibal introduced into evidence preliminary agreements with international distributors that could have been worth over $6 million and testimony that, had *Fast Flash to Bang Time* been completed, Hannibal could have received millions of dollars in sales commissions. Hannibal also turned down a commitment from a bank to finance the movie. Accordingly, the jury's award of damages was supported by sufficient evidence. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

AFFIRMED.

3